IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                                             **4:07CV00875-WRW**

**LEROY MUNCY**                                                                                    **DEFENDANT**

## ORDER

Pending is Defendant's Motion to Dismiss (Doc. No. 3). Plaintiff has responded (Doc. No. 12). For the reasons set forth below, Defendant's Motion is DENIED.

Even though Defendant names many reasons why he believes this case should be dismissed,[1] he did not specify under which provision of the Federal Rules of Civil Procedure he makes his motion. It appears that Defendant is basing his motion solely on Rule 12(b)(6) -- failure to state a claim upon which relief can be granted. Dismissal for failure to state a claim upon which relief can be granted should be "granted sparingly and with caution."[2] Plaintiff's Complaint identifies the parties, the basis for jurisdiction, the basis for venue, and the claim.[3] The arguments Defendant raises in his Motion to Dismiss

---

[1] Doc. No. 3. Defenant's Motion reads:
> The complaint #4-07-CV-00875 must be dismissed for the following: (F) failed to state a valid claim upon which relief can be granted. The claim stated is a nonconsensual lien and is not on record; (G) the U.S. Attorney failed to disclose which United States he represents, the several states or the U.S. Corporation located in the District of Columbia; (H) there is not a Justice Department referral in the docket; (I) there is no testimony, no proof of evidence, or proof of claim that the various documents are invalid or void; (J) jurisdiction does not extend to Arkansas state; (K) Plaintiff has failed to identify the accuser in the Complaint. Some unnamed chief counsel; (L) remedy was provided in each affidavit to Plaintiff and by Plaintiff's failure to respond nihil dicit established his unconditional acceptance; (M) Plaintiff failed to show remedy for unregistered foreign agents; and (N) Leroy Muncy is not a federal privilege employee and is not involved in the manufacture and sell of alcohol, tobacco, or firearms.

[2] *Huelsman v. Civic Center Corp.*, 873 F.2d 1171, 1174 (8th Cir. 1989) (citation omitted).

[3] Doc. No. 1.

do not show that Plaintiff's claim is one upon which relief cannot be granted. Accordingly, I find that dismissal of this case is inappropriate. Defendant's Motion to Dismiss (Doc. No. 13) is DENIED.

IT IS SO ORDERED this 7th day of December, 2007 (Pearl Harbor Day).

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE