IN THE UNITED STATES OF ARKANSAS
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

vs.                              NO. 4:07CV00875 BSM

LEROY MUNCY                                                 DEFENDANT

## ORDER

      Pending before the court is Plaintiff's ("the United States")  motion for summary

judgment (Doc. No. 20).  Defendant Leroy Muncy ("Muncy") has not responded

specifically to the motion.  He filed a response to the court's order regarding the

necessity of an Initial Scheduling Order, stating that he does not waive the Initial

Scheduling Order and that "all pending motions are null and void until such order is

issued." (Doc. No. 32).   The court finds Muncy's declaration to be without merit and

finds that it has authority to consider the United States'  motion for summary judgment.

For the reasons set out below, the motion is granted.

### I. BACKGROUND

      On April 17, 2007, the United States filed a civil action against Muncy to reduce

certain tax assessments made against him to judgment, and to foreclose federal tax

liens on certain property.   *United States v. Leroy Muncy,* No. 4:07CV435 WRW. ("prior

action")  The United States sought judgment against Muncy in the amount of

$289,037.86.  Grayson A. Hoffman ("Hoffman")  was counsel of record for the United

States in the prior action.

      After the United States filed the prior action, Muncy began filing a series of

documents against Hoffman.  Hoffman, at the time of the filing of the documents, was

employed as a Trial Attorney with the Department of Justice, Tax Division.

Between June 2007 and August 2007, Muncy filed in the United States District Court for the Eastern District of Arkansas and recorded in the public records of Pope County, Arkansas, documents purporting to be affidavits, declarations, memoranda of understanding, claims for five million dollars, notices of contract/dishonor/summary judgment, or other legal documents.  Many of the filings relate to and are against Hoffman.

Examples of documents filed include the following:

1.   "Notice and Demand" filed in the Eastern District of Arkansas on July 31, 2007, and recorded in the public records of Pope County, Arkansas on July 27, 2007.  This document states that it is "notice of intent to file a claim for Five million dollars" for the plaintiff's "failure [in the prior action] to state a claim upon which relief can be granted prior to any conference or court hearing."  (Ex. A to Complaint).

2.  "Declaration in the Nature of a Verified Affidavit in the Truth" filed on August 1, 2007 in the Eastern District of Arkansas and recorded in the public records of Pope County on July 31, 2007.  This document purports to levy a claim against Hoffman  in the amount of $5 million for failing to state a claim upon which relief can be granted.  (Exhibit B to Complaint)

3.  "Non Negotiable Conditional Acceptance of Case Number 4.07CV00000435WRW Memorandum of Understanding" filed on August 1, 2007 in the Eastern District of Arkansas and recorded in the public records of Pope County on July 31, 2007.  This document appears to be filed against Hoffman, states that Hoffman did not represent Muncy and seeks $5 million for failure to state a claim upon which relief can be granted. (Exhibit C to the Complaint)

4.  "Declaration in the Nature of a Verified Affidavit in the Truth" filed on August 10, 2007 in the Eastern District of Arkansas .  It contains a number of "facts" concerning Grayson and the prior action.  (Exhibit D to the Complaint)

5. "Notice of Contract and Notice of Dishonor and Notice of Summary Judgment" filed in the Eastern District of Arkansas on August 10, 2007 and recorded in the Pope County public records on August 9, 2007.  It is

filed against Hoffman and purports to establish that "the Claim for Your failure to State a Claim Upon Which Relief Can be Granted . . . Shall be Five Million Dollars."  (Exhibit E to the Complaint).

According to Fern Tucker, the Pope County, Arkansas Circuit Court Clerk, Muncy has filed over 50 documents which do not pertain to a particular piece of property.  In addition to the filings against Hoffman, Muncy has filed documents against other individuals.  These include a  "Notice of Entry of Default Judgment and Affidavit" which purports to enter a default judgment against Robert Brown, an IRS Agent handling Muncy's case.  The document was filed in  Pope County on August 4, 2006. (Exhibit 4 to Declaration of Fern Tucker, Doc. No. 24)

On September 24, 2007, the United States filed this action to obtain a judicial declaration that the various documents filed by Muncy relating to and against Hoffman are null, void and without legal effect; and to enjoin Muncy from all future filings or publishing of any documents purporting to establish a debt or designed to encumber the property of, or cloud title to the property of, any officer or employee of the federal government.

Subsequent to the filing of the complaint, Muncy continued to file documents against federal government officials.  For example, on April 1, 2008, Muncy filed in the Pope County public records a document titled "Declaration in the Nature of An Affidavit as Presented of Defendant Leroy Muncy, " which purports to outline details of several private indemnity bonds relating to "Henry M. Paulson, Secretary of the Treasury" and "Donald L. Korb, Chief Counsel, Internal Revenue Service."  (Exhibit 6 to Declaration of Fern Tucker.)

On June 6, 2008, Muncy filed a document (Doc. No. 33) entitled "Affidavit of

Negative Averment, Opportunity to Cure and Counterclaim" which purports to assert a third party claim under Admiralty Jurisdiction against this court; James McCormack, the Clerk of the Court; Olivia Hussey, counsel for the United States in this action; and Donald L. Korb, Chief Counsel for the IRS.  In that document, Muncy denies that the United States is entitled to relief in this case, demands that the United States prove its case against Muncy, and requests $10 million per day for various violations, including alleged unlawful conversion, violation of his right to contract, failure to state a claim, failure to produce a Justice Department Referral, unlawful application of jurisdiction, and violation of his right to pursuit of happiness.

On July 8, 2008, Muncy filed against the Clerk of the Court James W. McCormack a "Demand for Payment" in the amount of $2,700,000,000.000  (Doc. No. 35)  and a  "Final Demand for Payment" (Doc. No. 34)  in the amount of $2,300,000,000.00 for McCormack's failure to respond to or rebut "the International Commercial Claim ab initio Administrative Remedy File #RR 772 198 029 US dated May 28, 2008."

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment the court considers the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of the nonmovant. *PHL Variable Ins. Co. v. Fulbright McNeill, Inc.*, 519 F. 3d 825, 828 (8th Cir. 2008).   The entry of summary judgment is mandated when the non-moving

party fails to make a showing sufficient to establish the existence of an element which is essential to its case and on which it will bear the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.  ANALYSIS

Under 26 U.S.C. § 7402(a) a district court has jurisdiction to make and issue in civil actions, writs and injunctions, as well as other orders, processes and judgments "as may be necessary or appropriate for the enforcement of the internal revenue laws." Section 7402(a) grants the court "a broad range of powers necessary to compel compliance with the tax law," *United States v. Edwards*, No. CV F 08-0073 LJD DLB 2008 WL 1925243, *3, (E. D. Cal.  Apr. 30, 2008), including the authority to void bogus liens imposed by taxpayers on the property of government officials assigned to collect delinquent taxes. *Ryan v. Bilby*, 764 F. 2d 1325, 1327 (9th Cir. 1985).

A reading of Muncy's filings reveal that they are without merit.   While not labeled as liens, they seek to impose some sort of debt or financial obligation on the part of Hoffman, or other government officials associated with the government's efforts to enforce the tax laws against Muncy. Muncy's attempt to create a lien because of a government official's failure to comply with Muncy's arbitrary deadlines and demand for action has no basis in law or fact.  A lien can be created only by contract between the parties or by operation of law.  51 Am. Jur. 2d Liens § 11 (2008).  Here, there is no agreement between Muncy and Hoffman, or between Muncy and any other government official associated with the government's efforts to enforce the tax laws.   Furthermore, a lien cannot be created merely because one party failed to respond to another party's

document.  *United States v. Andra*, 923 F. Supp. 157, 159-60 (D. Idaho 1996).

Similar efforts by taxpayers to create liens have been rejected.  *See United States v. MacElvain*, 858 F. Supp. 1096, 1100 (M. D. Ala. 1994)(citing cases) ("There is no legal basis for filing these common-law liens, complaints and commercial notices. Every court to consider the validity of these documents have found them to be without basis.")  The court in *United States v. Van Dyke*, 568 F. Supp. 820, 822 (D. C. Or. 1983), characterized the actions of the  "tax protesters" as a "campaign of harassment" taking

> the form of filing frivolous and nonsensical suits and documents against named employees of the federal government, in order to harass them in their private lives, force them to hire counsel to respond to frivolous lawsuits, cloud title to their real estate with "common law liens," and interfere maliciously and unjustifiably with the rights of these federal employees to hold bank accounts and real property.

The court found the filings to be void and of no legal effect, and enjoined the tax protesters from filing or attempting to file any document or instrument which attempts to create a "lien" or interfere with the real or personal property of any employee of the federal government.

It is clear that Muncy's multitudinous, nonsensical filings are "calculated to molest, interrupt, hinder and impede officials of the Internal Revenue Service in the good faith performance of their official duties as employees of the United States." *United States v. Hart*, 545 F. Supp. 470, 473 (D. N. D. 1982), *aff'd*, 701 F. 2d 749 (8th Cir. 1983). In a similar case, the court described the materials filed by the defendants as "generally unintelligible, legally frivolous, void, and a nullity.  They have no legal force or effect and are unenforceable."  *United States v. Dutson*, No. CIV.04-2585 PHX

EHC, 2005 WL 605381, *3 (D. Ariz. Mar. 10, 2005).

Here, Muncy's filing of more than fifty documents evinces a campaign of harassment and intimidation by him against government officials. The court finds that the documents filed by Muncy against Hoffman, the court, and other federal employees and officials are null, void and of no legal effect.

The United States seeks a permanent injunction against Muncy filing similar documents.  Section 7402(a) has been interpreted to confer on courts the authority  to enjoin persons from filing harassing documents in the future.  *See e.g. Van Dyke*, 568 F. Supp. at 822.

In considering whether to grant the permanent injunction, the United States must "demonstrate (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."  *eBay Inc. v. MercExchange, L.L.C.* , 547 U.S. 388, 391 (2006)

There is no doubt that Muncy's actions threaten irreparable harm.  Hoffman expresses concern in his declaration that the documents Muncy filed may interfere with Hoffman's ability to purchase and convey property, and may damage his credit rating. (Doc. No. 23).

Other courts have found similar frivolous filings impose irreparable harm upon federal employees. *See MacElvain*, 858 F. Supp. at 1100; *Van Dyke*, 568 F. Supp. at 822 ("Titles to real estate have been clouded, banks have been the subject of frivolous attempts at 'garnishment,' and in general the employees of the federal government

-7-

have been harassed in their personal lives for doing their jobs.")

The court has already found that the documents filed this case lack any factual or legal basis. Therefore, the United States has demonstrated that it would likely succeed on the merits in any future action to prevent Muncy from filing similar documents. Furthermore, the balance of hardships weighs in favor of the United States. There is no harm to Muncy to preclude him from filing frivolous documents. *See United States v. Edwards*, 2008 WL 1925243, *5.

The public has an interest in the judicial process, the fair administration of federal tax laws, and the prevention of abuse and harassment of government officials, and therefore the public interest would be served by the issuance of a permanent injunction. *See United States v. Tarantino*, No. CIV S-06-0618 GEB EFB, 2007 WL 1521031, *4 (E. D. Cal. May 27, 2007) (permanently enjoining defendant from filing document or instrument which purports to create non-consensual line or encumbrance of any kind against employee or officer of federal government).

In sum, the court finds that the entry of a permanent injunction is warranted in this case.

## IV. CONCLUSION AND ORDER

Accordingly, the motion for summary judgment (Doc. No. 20) is hereby granted. Moreover, every document filed by Muncy in either the United States District Court Clerk's office, the Pope County, Arkansas Circuit Court Clerk's office, or the Pope County, Arkansas Recorder's office that either attempts to assert a claim or lien against any judicial officer, or federal employee or official or has the effect of creating a claim or lien against any judicial officer, or federal employee or official, is hereby declared null,

void and of no legal effect.

Muncy, his agents and all those in active concert or participation with him are hereby permanently enjoined from filing or attempting to file any document or instrument of any description which purports to create any nonconsensual lien or encumbrance against the person or property of any employee or officer of the United States of America.   The United States Marshal or his representative is directed to personally serve on Defendant Leroy Muncy a copy of this Order and the Judgment.

IT IS SO ORDERED this 15th day of July, 2008.


_____
UNITED STATES DISTRICT JUDGE